UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DANIEL GILBERTO JUAREZ** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 07-0955 (RJL) |
| **FEDERAL BUREAU OF INVESTIGATION**, *et al.*, | ) |
| **Defendants.** | ) |

THREE DEFENDANTS' MOTION FOR AN
EXTENSION OF TIME TO FILE AN ANSWER OR
OTHER RESPONSE TO THE COMPLAINT

Three named Defendants, the Drug Enforcement Administration (DEA), the Executive Office for the United States Attorneys (EOUSA) and the Criminal Division, through counsel, the United States Attorney for the District of Columbia, in the above-captioned case, hereby move, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, for a substantial extension of time within which to file a response to the Complaint, from today, August 9, 2007, up to and including October 4, 2007. The remaining Defendants are filing contemporaneously a motion for summary judgment. Inasmuch as Plaintiff, *Pro se*, Daniel Gilberto Juarez, is a federal prisoner, Counsel for the Defendants did not attempt to contact him concerning his position on this motion.[1] As grounds for this motion, these Defendants submit the following:

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." The Rule does not require counsel to discuss those motions with *pro se* litigants. Nonetheless, it has been the general practice of this Office to attempt to discuss such motions with non-prisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any non-prisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

Although the DEA, EOUSA and the Criminal Division are all components of the Department of Justice, Plaintiff has named them separately as Defendants. As reflected in the Declaration of William C. Little ("Little Dec") (attached), the DEA has received Plaintiff's request under the FOIA, but needs additional time for the processing of his request to be reviewed and for documents to be released to Plaintiff, as well as for preparation of a Vaughn index explaining to the Court DEA's processing of Plaintiff's FOIA request. Id. at ¶¶ 11-13. The DEA estimates that it needs an additional 55 days to complete this process. Id. at 12-13. The DEA submits that this request is reasonable and constitutes good cause given the broad and all-inclusive nature of Plaintiff's FOIA request.

Concerning EOUSA and the Criminal Division, these components join in this requested extension primarily because they have not been able to locate and identify Plaintiff's FOIA requests. The Defendants do not want to take the position at this point that they did not receive Plaintiff's requests. As reflected in the contemporaneously filed motion for summary judgment, the allegations of the Complaint concerning Plaintiff's requests under the FOIA have not in all instances accurately described the administrative processing of his requests. Notwithstanding, EOUSA and the Criminal Division request additional time to make a further determination concerning the requests allegedly made by Plaintiff. Counsel for the Defendants' other litigation demands, which are substantial, also necessitate this requested extension.

WHEREFORE, the above named Defendants submit that this motion for an extension of time, up to and including October 4, 2007, to file a response to the Complaint should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NUMBER 498-610


By: _____/s/_____
OLIVER W. MCDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2007, I caused the foregoing Defendants' Motion for an Extension of Time to File an Answer or Other Response to the Complaint, and proposed order, to be served on Plaintiff *pro se* by mail, postage prepaid, addressed as follows:

Daniel Gilberto Juarez
R 68893-079
BIG SANDY
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2068
Inez, KY 41224

                                                        /s/
                                   OLIVER W. MCDANIEL, D.C. BAR # 377360
                                   Assistant United States Attorney
                                   Civil Division
                                   555 Fourth Street, N.W.
                                   Washington, D.C.  20530
                                   (202) 616-0739

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL GILBERTO JUAREZ** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 07-0955 (RJL) |
| ) | |
| **FEDERAL BUREAU** ) | |
| **OF INVESTIGATION,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

Upon consideration of Three Defendants' Motion for an Extension of Time to File an Answer or Other Response to the Complaint, and the entire record of this case, it is hereby

ORDERED that Defendants' Motion for an Extension of Time be GRANTED, and it is

FURTHER ORDERED that, Defendants shall have up to and including October 4, 2007, to file an Answer or other response to the Complaint.

Date this _____ day of _____, 2007.

_____
United States District Judge

Copies to:

Oliver W. McDaniel,
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Daniel Gilberto Juarez
R 68893-079
Big Sandy
U.S. Penitentiary
Inmate Mail/parcels
P.O. Box 2068
Inez, KY 41224

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL G. JUAREZ, )
)
       Plaintiff )
v. )
) Civil Action No. 07-0955 RJL
)
FEDERAL BUREAU OF )
   INVESTIGATION, *et al.*, )
)
       Defendants )
)

## DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am the attorney responsible for matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA), 5 U.S.C. § 552a, in which DEA is an interested party. I have served in this capacity since about April 26, 1999.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received training formal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, and provide litigation support for matters all arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party.

7. In defense of FOI/PA actions, I am responsible for taking remedial action when ordered by courts or when deficiencies in responding to, processing or release of information are noticed in the course of litigation review.

8. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

9. The DEA Freedom of Information Operations Unit (SARO) is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA received by DEA. I am also familiar with the policies, practices and procedures SARO employs that relate to the search for, and the processing and release of information responsive to FOIA/PA requests received by DEA.

10. In preparing this declaration, I read and am familiar with the Complaint in the above entitled action, and the records maintained by SARO. The file containing the plaintiff's FOIA request was DEA FOIA Request No. 07-0214-P. I reviewed the file maintained by SARO and all associated documentation.

11. In my review of the DEA FOIA file that, although requests were made, responsive records maintained in a DEA field office had not been received. Thus, action was required to obtain the records.

12. Currently, all records responsive to the plaintiff's request have been received and processed. The records are bing reviewed and it is anticipated that a release to the plaintiff will be made within 10 days. Once the review is completed, the *Vaughn* index and declaration must be completed.

13. It is estimated that the review and preparation of the *Vaughn* and declaration will be completed within 45 days.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Aug 9, 2007
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537