## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL GILBERTO JUAREZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.: 07-0955 (RJL)** |
| | ) |
| **FEDERAL BUREAU OF INVESTIGATION,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### NOTICE OF FILING DECLARATIONS REFERENCED IN
### DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT
### AND A CORRECTED DECLARATION OF WILLIAM E. BORDLEY
### <u>SUPPORTING THEIR SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT</u>

The Defendants, through counsel, the United States Attorney for the District of Columbia,

respectfully notify the Court and Plaintiff, *Pro se*, of the filing of the attached declarations referenced

in Defendants' Memorandum of Points and Authorities in Support of their Supplemental Motion for

Summary Judgment, and, concerning Defendants' Memorandum of Points and Authorities in

Support of Their Motion for Partial Summary Judgment, of the filing of a corrected Declaration of

William E. Bordley, which now includes exhibits that were previously inadvertently omitted from

the August 9, 2007 filing.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NUMBER 498-610

By: _____/s/_____
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

2

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of March, 2008, I caused the foregoing Notice of Filing

Declarations Referenced in Defendants' Supplemental Motion for Summary Judgment and a

Corrected Declaration of William E. Bordley Supporting Their Supplemental Motion for Summary

Judgment, to be served, postage pre-paid, by mail, on Plaintiff, *Pro se*, as follows:

**DANIEL GILBERTO JUAREZ**
**R 68893-079**
**FCI MCKEAN**
**FEDERAL CORRECTIONAL INSTITUTION**
**P.O. BOX 8000**
**BRADFORD, PA  16701**


_____  /s/
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL JUAREZ )
)
Plaintiff, )
)
v. )    Civil Action No. 07-0955 (RJL)
)
FEDERAL BUREAU OF INVESTIGATION, )
*et al.*, )
)
Defendant. )
)

## DECLARATION OF PRISCILLA A. JONES

I, Priscilla A. Jones, declare the following to be true and correct:

1.    I am the Supervisory Administrative Specialist in the Office of Information and Privacy ("OIP"), United States Department of Justice. As the Supervisory Administrative Specialist, I am in charge of the Administrative Section of OIP. One of my responsibilities is to oversee the logging of administrative appeals taken from denials by all components of the Department of Justice under the Freedom of Information Act and the Privacy Act of 1974.

2.    I have personally reviewed OIP's electronic inventory of administrative appeals, which is where all appeals to OIP are recorded. OIP received Mr. Juarez's appeal, which was dated April 12, 2007, appealing from the action of the Federal Bureau of Prisons (Request No. 2007-04025) on April 20, 2007. OIP adjudicated Mr. Juarez's appeal on June 29, 2007, affirming BOP's action.

-2-

I declare under penalty of perjury that the forgoing is true and correct. Executed on

July 30, 2007.

Priscilla A. Jones

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DANIEL GILBERT JUAREZ,                    )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )
                                          )     Civil Action No. 07-CV-0955
UNITED STATES DEPARTMENT OF               )
JUSTICE and EXECUTIVE OFFICE OF           )
UNITED STATES ATTORNEYS,                  )
                                          )
            Defendants.                   )
_____)

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974. 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Daniel Gilbert Juarez. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

4. By letter dated Oct. 22nd, 2006, Plaintiff has submitted his FOIA request to "search all districts in Texas and Florida". The request asked for "a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name." Due to unknown circumstances, this office had not received the FOIA request until Feb. 12th, 2007. **Exhibit A.**

5. By letter dated Feb. 27th, 2007, EOUSA responded to Plaintiff's request. Since the files and records of the United States Attorneys are located in more than 100 separate offices throughout the country, the letter informed Plaintiff that he must identify with more particularity the specific U.S. Attorney's office(s) where he believes the requested records exist. In this letter Plaintiff was also notified that this request will be closed and that once the deficiencies are corrected, he should submit a new FOIA request. At this time, in an attached page, Plaintiff was informed about the delay in receiving his request letter. **Exhibit B.**

6. To this day, Plaintiff has not submitted any further FOIA requests.

## CONCLUSION

7. Each step in the handling of Mr. Juarez' request has been entirely consistent with the

EOUSA and the United States Attorney's Office procedures which were adopted to insure an

equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7th, 2007.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

To: Director                                    Date: October 22, 2006

    Executive Office for United States Attorneys          RECEIVED

    Department of Justice                          2007 FEB 12 PM 3: 44

    600 E. Street, NW                         DEPT. OF JUSTICE/EOUSA
    Washington, D. C. 20530                      FOIA/PRIVACY STAFF
Dear Sir:

       This is a request under the Freedom of Information Act.

       I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is
in any way connected to, related to, or even remotely in reference
to my name.

       The following particulars may assist you in your search:

       Search all districts in Texas and Florida


       I will pay reasonable search and reproduction fees.

                    My biographical data is as follows:

FULL NAME   DANIEL GILBERTO JUAREZ

DATE OF BIRTH :  October 20, 1967

PLACE OF BIRTH :   Reynosa Tamaulipas, Mexico

SOCIAL SECURITY NUMBER: 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

       I declare under penalty of perjury that the aforementioned biograph-
ical data is that of my person and the signature below is my true
and correct original signature signed under oath.

Executed this 22nd day of  October          , 2006      .

                                By X
                                          Affiant Herein

(28 USC Section 1746)

Name:  DANIEL JUAREZ

Reg. No.   68893-079


**A**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Requester: Daniel Juarez                    Request Number: 07-353

Subject of Request: Self

Dear Requester:

Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which prosecution or litigation occurred.

By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. § 16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. § 16.11(k)). Indigency does not constitute a basis for a free waiver. Please note that pursuant to 28 C.F.R. § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

[ ✓ ]    Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response:
     **NOT SPLIT**

(Page 1 of 2)
Form No. 003B - 2/06

This is a final action on this above-numbered Request. You may appeal my decision on this request by writing within 60 days from the date of this letter, to **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the envelope and letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the result s of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Assistant Director

(Page 2 of 2)
Form No. 003B - 2/07

Note: We received your letter only a few days ago, because of a delay in the mail. We are sorry for the delay that occurred outside of our office.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL G. JUAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-0955 RCL |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, DEA Headquarters.

2. I review for litigation purposes both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action, and the records maintained by the DEA Freedom of Information Operations Unit (SARO).

5. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

6. By letter dated October 12, 2006, the plaintiff requested "any and all documents, records and information that any part of your agency has or had in its possession that is any way connected to, related to, or even remotely in reference to my name." The plaintiff promised to pay reasonable search and reproduction fees. A copy of the plaintiff's letter dated October 12, 2006, is attached as Exhibit A.

7. By letter dated December 6, 2006, DEA acknowledged the plaintiff's request, informing him that it would be handled in chronological order based on the date of the request. The letter confirmed the plaintiff's obligation to pay all applicable fees up to $25.00. A copy of the DEA letter dated December 6, 2006, is attached as Exhibit B.

-2-

8.  By letter dated September 24, 2007, DEA released portions of 74 pages and nine (9) pages in their entirety to the plaintiff.  Twenty pages were withheld in their entirety.  Information was withheld pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F), and exemption (j)(2) of the PA.  A copy of the DEA letter dated September 24, 2007, is attached as Exhibit C.

## ADEQUACY OF SEARCH

9.  The plaintiff's letter was interpreted as a request for criminal investigative records held by DEA that referenced or related to the plaintiff, or that were referenced by the plaintiff's name.

10. Criminal investigative records about the plaintiff that are maintained by DEA are reasonably likely to be found in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008.  IRFS is a DEA Privacy Act System of Records that contains all administrative, general, and criminal investigative files compiled by DEA for law enforcement purposes.

11. The DEA Narcotics and Dangerous Drugs Information System (NADDIS) is the index to and the practical means by which DEA retrieves investigative reports and information from IRFS.  As an index, NADDIS points to investigative files and particular DEA Reports of Investigation (ROI), DEA Form-6 or other documents by date, that contain information regarding a particular individual or subject of an investigation.  Individuals are indexed and identified in NADDIS by their name, Social Security Number, and/or date of birth.

12. On December 20, 2006, a NADDIS query of NADDIS was conducted by SARO in response to the plaintiff's request  The query was conducted by a SARO Freedom of Information Specialist, who used the plaintiff's name, Social Security Number, and date of birth.

13. As a result of the query, NADDIS identified two (2) criminal investigative case files in which information regarding the plaintiff was located, KV-00-0024 and MA-96-0083. A search of the DEA field office files was conducted. All of the responsive information from file KV-00-0024 and MA-96-0083 was retrieved.

14. A total of 103 pages of material responsive to the plaintiff's requests to DEA were identified[1] as a result of the search  Of the 103 pages, portions of 74 pages and nine pages in their entirety were released to the plaintiff, and 20 pages were withheld in their entirety. Information was withheld pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(F), and the Privacy Act, 5 U.S.C. § 552a(j)(2). A *Vaughn* index detailing DEA's withholdings pursuant to the asserted FOIA exemptions has been prepared, and it is attached as Exhibit D.

## DESCRIPTION OF RESPONSIVE MATERIAL

15. The investigative information responsive to plaintiff's request is criminal investigatory data compiled for law enforcement purposes. The information was collected pursuant to DEA's law enforcement responsibility which is the enforcement of the Federal drug laws including the Drug

---

[1] The responsive pages are numbered 1 through 102, including page 49a.

Abuse Prevention and Control Act of 1970, 21 U.S.C. §801 *et seq.*, and placed into DEA

investigative case files that are maintained in IRFS.

16. DEA investigative case files are established by the office commencing an investigation. The

files are titled according to the name of the principal suspect violator or entity known to DEA at

the time the file is opened. DEA does not maintain separate dossier investigative case files on

every individual or entity that is of investigative interest.

17. Information gathered during the course of a DEA investigation is systematically gathered

and included in the investigative case file. This information relates to the case subject and may

also include other individuals such as those who are suspected of engaging in criminal activity in

association with the subject of the file.

18. Investigative case files maintained in IRFS contain several records that include, in pertinent

part, (1) the DEA Report of Investigation (ROI), DEA Form 6, and continuation page, Form 6a,

(2) the DEA Personal History Report, DEA Form 202, (3) the DEA Defendant Disposition

Report, and other documents that may serve as a substitute for the forms.

19. The DEA Form 6, and DEA Form 6a, are multi-block forms that comprise the DEA ROI.

The forms are used by DEA to memorialize investigative and intelligence activities and

information. The DEA Form 6 is the initial page of the ROI and consists of 15 numbered blocks.

Blocks 1 through 10 appear at the top, and Blocks 11 through 15 at the bottom. The middle of

the page is the narrative section in which investigative and intelligence information is recorded.

20. The DEA Form 6a is the continuation page of the ROI and consists of six (6) numbered blocks appearing at the top followed by the narrative section, in which investigative and intelligence information is recorded, that extends to the bottom of the page.

21. The DEA Form 6, Block 4, and DEA Form 6a, Block 2, contain a G-DEP identifier. The DEA Form 6, Blocks 5, 9, 12, and 14, contain the names and/or signatures of DEA Special Agents and other law enforcement personnel. The DEA Form 6, Block 6, and DEA Form 6a, Block 3, contain the file title, which is generally the subject of the investigation.

22. The narrative may be broken into several sections which include a "Synopsis," "Details," "Evidence," and/or "Indexing" sections. The "Synopsis" and "Details"sections document events that often contain names of third-parties and law enforcement personnel, and information about individuals. The "Evidence" section is used to document and note the collection of evidence and the disposal of items.

23. Ordinarily, the "Indexing Section" appears at the end of the narrative and is used by the preparer of the report to designate those individuals and entities of investigative interest that the agent or intelligence analyst designates to be listed in NADDIS. In addition to the name of an individual, the indexing section may provide identifying details for the indexed individuals or entity that may include physical descriptions, aliases, social security numbers, various license numbers, addresses, and/or occupations.

24.  The DEA Personal History Report, DEA Form 202, is a two-page multi-block form used (1) to identify and classify an individual, or update an earlier identification or classification under G-DEP, either prior to or at the time of the arrest, (2) to declare a defendant a fugitive, (3) as part of the establishment of a cooperating individual and (4) to correct personal data in the NADDIS index.  The form consists of 76 blocks that are completed depending on the circumstances.

25.  The DEA Form 202, Block 1, contains the file title, which is generally the subject of the investigation.  Block 5 contains a G-DEP identifier; blocks 68, 69, 71, 72, 74, and 75 normally contain the names and/or signatures of DEA Special Agents and other law enforcement personnel.  Blocks 8 through 46 contain identifying information about the individual to whom the form pertains.  Blocks 47 through 67 contain information related to and explaining the action being taken.

26.  DEA Defendant Disposition Report, DEA Form 210, is a multi-block form that is used as the source document for the compilation of DEA defendant statistics, as well as the means by which DEA and the Federal Bureau of Investigation (FBI) track individual cases brought against DEA defendants.  A separate DEA Form 210 is prepared for each defendant prosecuted as the result of DEA investigative efforts.  The DEA Form consists of 25 blocks of which Block 5 contains the G-DEP identifier; Block 6, the file title; Blocks 7 and 16, the defendant's name; Block 9, the defendant's NADDIS number; Blocks 16-20, personal information and identifiers of the defendant; and Blocks 24 and 25, the names and signatures of a DEA Special Agent and/or other law enforcement officers.

27. The DEA Form 7, Report of Drug Property Collected, Purchased or Seized, includes a description of the alleged drugs seized, the quantity seized, and a laboratory analysis/comparison report. The form consists of 39 blocks of which Block 3 contains the G-DEP identifier; Block 5, the file title; Block 16, the "Remarks," contains descriptive information that may include names of law enforcement officers and third-parties, and other information regarding the seizure; Blocks 17, 18, 20, 21, 23, 24, 34 and 37 contain the names and/or signatures of DEA Special Agents, other law enforcement personnel or DEA employees.

28. The DEA Form 7a, Acquisition of Non-Drug Property and Regulatory Seizures is used to report any non-drug property acquired. DEA uses the DEA-Form 7a to log or maintain a record of the non-drug property. The form consists of 31 blocks of which Block 4 contains the G-DEP identifier; Block 5, the file title; and Blocks 13 -18, 20, 21, 28 and 30, the names and signature of a DEA Special Agent or other law enforcement officer.

29. The DEA Disposition of Drug Evidence, DEA Form 48, records the disposition of non-drug evidence. Similar to the DEA 48a and unlike other DEA forms, the blocks are not numbered, but are self explanatory.

30. The DEA File Index/Serialization Sheet, DEA Form 5a, contains a list indicating individuals who are named in a particular DEA investigative file.

31. The DEA Receipt for Cash or Other Items, DEA Form 12, is a multi-block form that is used to record the receipt of cash or other items. The blocks are unnumbered but self-explanatory.

32.  In this case, the 103 pages of responsive information consist of:

    (a).  26 DEA Reports of Investigation;

    (b).  four (4) DEA Personal History Reports;

    (c).  two (2) DEA Defendant Disposition Reports;

    (d).  three (3) DEA Report of Drug Property Collected, Purchased, or Seized;

    (e).  one (1) DEA Disposition of Drug Evidence;

    (f).  one (1) teletype;

    (g).  three (3) Judgments in a Criminal Case;[2]

    (h).  one (1) DEA Disposition Report instruction sheet;

    (i).  one (1)  DEA Report of Property Collected, Purchased, or Seized instruction sheet;

    (j).  two (2) cables,

    (k).  two (2) FBI Fingerprint Reports;

    (l).  one (1) page containing copies of photographs;

    (m).  one (1) docket sheet;

    (n).  one (1) DEA File Index/Serialization Sheet;

    (o).  one (1) Nueces County, Florida Sheriff's Department Field Arrest Report;

    (p).  one (1) State of Texas Controller of Public Accounts, Marihuana and Controlled Substances Report;

    (q).  one (1) United States Border Patrol Report of Apprehension or Seizure;

    (r)  one (1) United States Border Patrol Chain of Custody Form;

    (s).  one (1) executed *Miranda* Warning form

    (t).  two (2) executed *Miranda* Warning form with attached handwritten statements;

    (u).  one (1) Receipt for Cash or Other Items; one (1) Criminal Complaint;

    (v).  one (1) DEA memorandum; and,

    (x).  one (1) McAllen Sector Vehicle Seizure Worksheet.

---

[2] One of the Judgments, that of a third-party, is missing the second page.  The document is among those forwarded by the DEA McAllen, Texas office.

33. Detailed discussions of the basis and jurisdiction for invoking the Freedom of Information Act exemptions for all of the redacted material, are set forth below. The exemptions utilized by DEA to withhold material are the Privacy Act, Exemption (j)(2), and the Freedom of Information Act, Exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F).

## APPLICATION OF EXEMPTIONS

### Privacy Act Exemption (j)(2)

34. DEA is component of the Department of Justice whose primary responsibility is the enforcement of Federal criminal laws related to the illicit trafficking in controlled substances and chemicals, including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq*. See 28 C.F.R. § 0.100.

35. IRFS is a Privacy Act System of Records that was last reported at 77 Fed. Reg. 3410 and last published in its entirety at 61 Fed. Reg. 54219. In accordance with the Privacy Act, rules were promulgated, pursuant to 5 U.S.C. §552a(j)(2), to exempt records contained in IRFS from access. *See* 28 C.F.R. §16.98(c)(3).

36. In accordance with the Privacy Act, 5 U.S.C. §552a(b), except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains, no information relating to a third-party was released, unless required by the FOIA or pursuant to a routine use. No routine use exists for and the plaintiff did not provide a release authorization or proof of

death for the release of any third-party information. Therefore, all third-party information was withheld where release was not required by the FOIA.

## INTERNAL RULES AND PRACTICES

### FOIA Exemption (b)(2)

37. The FOIA, 5 U.S.C. § 552 (b)(2), exempts from disclosure information relating to the internal rules and practices of any agency.

38. Pursuant to DEA rules and practices as indicated in the DEA Agents Manual, many of the pages in this case contain "violator identifiers" consisting of G-DEP (Geographical Drug Enforcement Program) codes, NADDIS numbers, and a confidential informant number. The G-DEP, NADDIS, and confidential informant number are part of DEA's internal system of identifying information and individuals.

(a)  G-DEP codes are assigned to all DEA cases at the time the case file is opened and indicate the classification of the violator, the types and amount of suspected drugs involved, the priority of the investigation and the suspected location and scope of criminal activity.

(b)  NADDIS numbers are multi-digit numbers assigned to drug violators and suspected drug violators known to DEA and entities that are of investigative interest. Each number is unique and is assigned to only one violator within the DEA NADDIS indices. (The NADDIS indices are exempt from the access provisions of the Privacy Act, 5 U.S.C. §

-11-

552a(j)(2); C.F.R. 16.98 (2007). Thus, Exemption (b)(7)(C) and (b)(7)(F) were used in conjunction with (b)(2) to withhold third- party NADDIS numbers.

(c)  Informant identifier codes are assigned to DEA and other law enforcement agencies to  cooperating individuals and are used instead of their names in all DEA reports, memoranda and other internal correspondence. Informant identifier codes provide sensitive information about individuals who cooperate with DEA and other law enforcement agencies in carrying out their law enforcement functions. Knowledge of informant identifier codes can assist in identifying the informant and provide sensitive information about individuals who cooperate with DEA in carrying out its law enforcement functions. Exemptions (b)(7)(C), (b)(7)(D) and (b)(7)(F) were used in conjunction with (b)(2) to withhold this identifier.

39.  The release of the G-DEP codes would help identify priority given to narcotic investigations, types of criminal activities involved, and violator ratings. Suspects could decode this information and change their pattern of drug trafficking in an effort to respond to what they determined DEA knows about them or avoid detection and apprehension and create alibis for suspected activities. Disclosure of the codes would, therefore, thwart the Drug Enforcement Administration's investigative and law enforcement efforts. All G-DEP codes found in the responsive pages are withheld.

40.  NADDIS numbers and informant identifier codes are unique and personal to the individual to whom the number applies. They are assigned by DEA for internal use and there is no public interest in the release of these codes.

## RECORDS OR INFORMATION COMPILED FOR LAW ENFORCEMENT PURPOSES

### FOIA Exemption (b)(7) Threshold

41. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq.* (hereinafter, the Act) which authorizes DEA to enforce the Act through, for example, the investigation of incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels; seize and forfeit assets derived from, traceable to, or intended to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control.

42. The records deemed responsive to the plaintiff's FOIA request are criminal investigative records. The records were compiled during criminal law enforcement investigations of the plaintiff and several third-parties.

### INVASION OF PERSONAL PRIVACY

### FOIA Exemption (b)(7)(C)

43. 5 U.S.C. § 552 (b)(7)(C) sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Many of the documents processed in response to plaintiff's FOIA request contain names and other identifying information which would reveal the identity of and disclose personal information about third-parties who were involved or associated with the plaintiff or with a law enforcement investigation. These individuals are protected from

-13-

the disclosure of their identities and information about them. These individuals include third-parties, suspects, co-defendants, and confidential sources of information.

44. In making the determination to release or withhold this information, the individuals' privacy interests were balanced against any discernible public interest in disclosure of the individuals' identities. In this instance, the plaintiff provided no facts to show any public interest for which any potential public interest would outweigh the privacy interests of the individuals. Thus, disclosure of the identities would be an unwarranted invasion of their personal privacy.

45. In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name and/or identifying data appeared in the documents at issue. The public interest in disclosure of the information was determined by whether the information in question would inform the plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and the Controlled Substance Act, and/or how DEA conducts its internal operations and investigations. In this case, it was determined that there was no legitimate public interest in the information withheld under exemption (b)(7)C), and release of any information about a third-party would constitute an unwarranted invasion of that third-party's personal privacy.

46. The identities of DEA Special Agents, DEA laboratory personnel, United States Border Patrol agents, a Deputy United States Marshal, Task Force officers, and state/local law enforcement officers were withheld. Releasing their identities and information pertaining to these individuals would place the Special Agents, and other law enforcement officers and

-14-

personnel in a position that they may suffer undue invasions of privacy, harassment and
humiliation from disclosure of their identities in the context of a criminal law enforcement
investigatory file.

47. The Special Agents and other law enforcement officers and personnel were assigned to
handle tasks relating to the official investigation into the criminal activities of the plaintiff and
other individuals. They were, and possibly still are, in positions of access to information
regarding official law enforcement investigations. If their identities are released, they could
become targets of harassing inquiries for unauthorized access to information pertaining to
ongoing and closed investigations. There is no public interest to be served by releasing the
identities of these individuals.

48. Government employees were assigned to handle tasks relating to the official investigations
into the criminal activities of the plaintiff. They were, and possibly still are, in positions of
access to information regarding official law enforcement investigations. If their identities are
released, they could become targets of harassing inquiries for unauthorized access to information
pertaining to ongoing and closed investigations. Also, release of their identities would constitute
an unwarranted invasion of their personal privacy. There is no public interest to be served by
releasing the identities of government employees.

-15-

## CONFIDENTIAL SOURCES AND INFORMATION OBTAINED FROM CONFIDENTIAL SOURCES

### FOIA Exemption (b)(7)(D)

49. The FOIA, 5 U.S.C. § 552 (b)(7)(D) sets forth an exemption for the information compiled for law enforcement purposes the disclosure of which could reasonably be expected to reveal the identity of a confidential source and/or information furnished by a confidential source. Exemption (b)(7)(D) was employed to withhold certain reports in part, and others in their entirety, that contained information that would disclose the identity of and the information provided by the source.

50. Sources of information include those to whom express confidentiality was granted and those about whom, based upon the facts and circumstances, confidentiality could be implied. Each document or group of related pages that contain material provided by individual(s), other than a DEA agent, was examined in light of exemption (b)(7)(D) to determine whether confidentiality was express or implied.

51. As an agency charged with law enforcement authority, DEA relied on the (b)(7)(D) exemption to protect source-identifying and source-supplied investigative information. The information at issue here pertains to coded confidential informants with express assurances of confidentiality. Because of the nature of DEA's criminal investigations, any information that could identify these informants, including the informant identifier code, could subject them to serious harm, substantial repercussions, and possibly even death.

-16-

## Express Confidentiality - Coded Informants

52. Coded informants are individuals who have a continuing cooperative association, by written signed agreement, with DEA. Such cooperative arrangements are established and maintained according to DEA policy and procedure. These individuals are expressly assured confidentiality in their identities and the information they provide to DEA. They are also assured that their names will not be used in DEA investigative materials. They are assigned an identification code which is used in place of their name or referred to as CI, SOI, or CS.

53. Page "21" is the first page of a two-page ROI describing the arrest of a third-party. The page contains contact information from a coded informant about a third-party. The plaintiff's name is not mentioned on the page.

54. Page "23" is the first page of a two-page ROI describing the arrest of a third-party. The page contains contact information from a coded informant about a third-party. The plaintiff's name is mentioned only in paragraph 2. The information about the plaintiff is included in the released portion of the page.

## Sources with Implied Confidentiality

55. When it cannot be ascertained that a source was found to have been expressly made a promise of confidentiality, certain circumstances characteristically may support an inference of

-17-

confidentiality, such as the character of the crime being investigated, and the source's relation to the nature of the crime.

56. The plaintiff was convicted of cocaine conspiracy and possession with intent cocaine. It is reasonable to infer that the individuals who provided information about the plaintiff would fear for their safety, since violence is inherent in the trade in illicit substances such as methamphetamine, if their identities or the information they provided was revealed. Additionally, release of the name of the sources could jeopardize DEA operations, since their cooperation and that of other similarly situated individuals could be needed in future criminal investigations.

57. Pages "19" and "20" comprise a two-page ROI describing the arrest of a third-party. Page "19" contains information from a Source of Information (SOI) about the address of a third-party. The plaintiff's name is mentioned only in paragraph 2. The information about the plaintiff is included in the released portion of the page. Page "20" contains information from a named confidential source about the drug trafficking activities of himself/herself, the plaintiff, and third-parties. The plaintiff's name is mentioned in three sentences on the page.

58. Pages "23" and "24" comprise a two-page ROI describing the arrest of a third-party. The pages contain information from a named confidential source about the drug trafficking activities of himself/herself and third-parties. On page "23", the plaintiff's name is mentioned only in paragraph 2. The information about the plaintiff is included in the released portion of the page. On page "24", the plaintiff's name is mentioned only in the Indexing Section.

-18-

59. Page "26" is the second page of a three-page ROI describing the arrest of a third-party. The page contains information from a named confidential source about the drug trafficking activities of himself/herself and a third-party. The plaintiff's name is mentioned only in paragraph 2. The information about the plaintiff is included in the released portion of the page

60. Page "28" is a one-page "ROI" describing the photo ID of the plaintiff. The page contains information from a named confidential source about his/her drug trafficking activities and interaction with the plaintiff. Information about the plaintiff is found in one sentence in paragraph 3, a portion of which is released. The plaintiff's name is mentioned in the Indexing Section.

61. Page "61" is the third page of a three-page ROI containing the debriefing of the third-party. Paragraph 5 contains information from a named confidential source regarding the drug trafficking activities of the source, the plaintiff, and third-parties.

62. Pages "69" and "70" comprise the third and fourth pages of a five-page ROI containing a summary report of the arrests of the plaintiff and two third-parties. The pages contain information from two confidential sources, who provided information about the drug trafficking activities of the sources, the plaintiff, and third-parties. Information about the plaintiff from the confidential sources is found in one paragraph on page "69", and in three paragraphs on page "70".

63. Page "91" is the second page of the plaintiff's Criminal Complaint. The page contains information from two named confidential sources regarding their drug trafficking interaction with the plaintiff.

## SAFETY OF LAW ENFORCEMENT PERSONNEL AND OTHER INDIVIDUALS

### FOIA Exemption (b)(7)(F)

64. The names of DEA Special Agents, and Supervisory Special Agents; DEA laboratory personnel, United States Border Patrol agents, a Deputy United States Marshal, Task Force officers, state/local law enforcement officers were withheld. in accordance with 5 U.S.C. § 552 (b)(7)(F). Exemption (b)(7)(F) sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.

65. DEA Special Agents and Supervisory Special Agents, as well as members of other law enforcement entities, are frequently called upon to conduct a wide variety of investigations, including sensitive and dangerous undercover operations.

66. Special Agents routinely approach and associate with violators in a covert capacity. Many of those violators are armed and many have known violent tendencies. It has been the experience of DEA that the release of Special Agents' identities has, in the past, resulted in several instances of physical attacks, threats, harassment and attempted murder of undercover and other DEA Special Agents. It may, therefore, be reasonably anticipated that other law enforcement officers would

-20-

become targets of similar abuse if they were identified as participants in DEA's enforcement operations.

67. In addition, if the names of Special Agents and other law enforcement officers were released pursuant to the Freedom of Information Act, DEA would be releasing this data to the public realm. DEA considers it to be within the public interest not to disclose the identity of Special Agents so that they may effectively pursue their undercover and investigatory assignments. These assignments are a necessary element in support of DEA's objective -- the suppression of the illicit traffic of narcotic and dangerous drugs. Public disclosure of the identities of investigatory and other personnel, as well as confidential sources of information, would have a detrimental effect on the successful operation of DEA, as well as risk harassment and danger to its agents other law enforcement personnel, and confidential sources of information. This information was also withheld pursuant to Exemption (b)(7)(C).

## SEGREGABILITY

68. All of the responsive information was examined to determine whether any reasonably segregable information could be released. Pages were withheld in their entirety where, based upon the review, the release of any additional information would (1) result in the disclosure of no useful information, or incomprehensible words and/or phrases that would not shed any light on how the Government conducts business, (2) could result in compromising the identity of and information provided by sources of information who were granted express confidentiality or, because of the circumstance, implied confidentiality was applicable, (3) would be an unwarranted

-21-

invasion of personal privacy when balanced against the public interest in the release of

information gathered during the course of a criminal investigation, and/or (4) place in jeopardy

the lives and safety of third-parties which includes sources of information, individuals associated

with or mentioned in the investigative reports, and DEA agents and other law enforcement

personnel.

69. Reasonably segregable also involved consideration of the time and effort that would be

expended to exclude or include information in a record or document being processed. The

current redaction process employed by DEA entails the use of translucent red cellophane tape.

After the tape is applied, the document is copied and the information intended to be withheld is

blackened in the copying process.

70. Once tape is applied, it generally cannot be removed. The tape lifts the print from the paper,

if removal is attempted or if it inadvertently touches print not intended to be withheld. The page

must then be recopied and the process begun again. The process of applying a thin strip of tape

is tedious, cumbersome and time consuming; however, it is the most effective and efficient

means currently available to DEA to withhold information based upon the manner and methods

in which DEA records information and maintains its records. Consequently, the importance of

releasing a particular word, when an error occurs, is balanced against the cost of redoing an entire

page.

71. In making the determination to redo a page or pages, consideration is given as to whether the

information which could be released will add any value in disclosing or shedding light on how

the Government conducts business. Thus, although an additional word could be released, or the same word is withheld in one instance and not in another, a balance is struck between the cost of re-processing the entire page and the value of the word or phrase that could be released.

72. Page "27" is the third page of a three-page ROI describing the arrest of a third-party. The page contains information regarding the investigation of the third-party. The information about the plaintiff is inextricably intertwined with information about third-parties. The page is withheld in its entirety pursuant to FOIA exemptions (b)(2), (b)(7)(C), and (b)(7)(F).

73. Pages "29" through "31" comprise a three-page ROI containing the debriefing of a named confidential source, who provided information about the drug trafficking activities of himself/herself, the plaintiff, and third-parties. The plaintiff's name is not mentioned on page "29." Information about the plaintiff is found in five sentences on page "30", and his name is mentioned in the Indexing Section on page "31." The information about the plaintiff is inextricably intertwined with information about the confidential source and third-parties. Release of any information could enable the plaintiff to identify the confidential source. The pages are withheld in their entirety pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F), and PA exemption (j)(2).

74. Pages "56" and "57" comprise a two-page ROI containing the debriefing of a named confidential source, who provided information about the drug trafficking interaction of himself/herself, the plaintiff, and third-parties. Information about the plaintiff is found throughout the pages, including as the file title on each of the pages, and in the Indexing Section

-23-

on page "57." Information about the plaintiff is inextricably intertwined with information about the confidential source and third-parties. Release of any information could enable the plaintiff to identify the confidential source. The pages are withheld in their entirety pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F).

75. Pages "58" and "59" comprise a two-page ROI containing the debriefing of a named confidential source, who provided information about the drug trafficking interaction of himself, the plaintiff, and third-parties. Information about the plaintiff is found throughout the pages, including as the file title on each of the pages, and in the Indexing Section on page "59." Information about the plaintiff is inextricably intertwined with information about the confidential source and third-parties. Release of any information could enable the plaintiff to identify the confidential source. The pages are withheld in their entirety pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F).

76. Page "64" is the fifth page of a five-page ROI containing the debriefing of the plaintiff. The page contains only the last entry in the Indexing Section. The plaintiff's name is mentioned only as the file title. The page is withheld in its entirety pursuant to FOIA exemptions (b)(2) and (b)(7)(C).

77. Pages "65" and "66" comprise a two-page ROI containing the debriefing of two named confidential sources, who provided information about the drug trafficking interaction of themselves, the plaintiff, and third-parties. Information about the plaintiff is found throughout the pages, including as the file title on each of the pages, and in the Indexing Section on page

"66." Information about the plaintiff is inextricably intertwined with information about the confidential sources and third-parties. Release of any information could enable the plaintiff to identify the confidential sources. The pages are withheld in their entirety pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F).

78. Page "75" is a one-page State of Texas, Comptroller of Public Accounts, Marihuana and Controlled Substances Report regarding a third-party. Information about the plaintiff found on the page is inextricably intertwined with information about the third-party. The page is withheld in its entirety pursuant to FOIA exemptions (b)(7)(C), and (b)(7)(F).

79. Pages "78" and "79" comprise the DEA 202, Personal History Report, of a third-party. The plaintiff's name is mentioned only as a criminal associate on page "78." The pages are withheld in their entirety pursuant to FOIA exemptions (b)(2) and (b)(7)(C).

80. Pages "96" and "97" comprise *Miranda* warnings documentation regarding a third-party. Page "96" contains details regarding the administration of the warnings. Page "97" contains a handwritten statement from a confidential source regarding the drug trafficking activities of himself/herself, the plaintiff, and third-parties. Information about the plaintiff is found in three sentences. The information about the plaintiff is inextricably intertwined with information about the confidential source and third-parties. Release of any information could enable the plaintiff to identify the confidential source. The pages are withheld in their entirety pursuant to FOIA exemptions (b)(7)(C) and (b)(7)(D).

81. Pages "98" and "99" comprise *Miranda* warnings documentation regarding a third-party. Page "98"contains details regarding the administration of the warnings. Page "99" contains a handwritten statement from a confidential source regarding the drug trafficking activities of himself/herself, the plaintiff, and third-parties. Information about the plaintiff is found in four sentences. The information about the plaintiff is inextricably intertwined with information about the confidential source and third-parties. Release of any information could enable the plaintiff to identify the confidential source. The pages are withheld in their entirety pursuant to FOIA exemptions (b)(7)(C) and (b)(7)(D).

82. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct, to the best of my information and belief.

| | |
|---|---|
| 10-3-07 | Leila I. Wassom |
| DATE | Leila I. Wassom |
| | Paralegal Specialist |
| | Office of Chief Counsel |
| | Drug Enforcement Administration |
| | Washington, D.C.  20537 |

# EXHIBIT A

To:    Director                                    Date: October 12, 2006

Drug Enforcement Administration

Department of Justice

Washington, D. C.  20537

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is
in any way connected to, related to, or even remotely in reference
to my name.

    The following particulars may assist you in your search:

    All Records.


    I will pay reasonable search and reproduction fees.

                    My biographical data is as follows:

FULL NAME    DANIEL GILBERTO JUAREZ

DATE OF BIRTH : October 20, 1967

PLACE OF BIRTH : Reynosa Tamaulipas, Mexico

SOCIAL SECURITY NUMBER: 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

    I declare under penalty of perjury that the aforementioned biograph-
ical data is that of my person and the signature below is my true
and correct original signature signed under oath.

Executed this 12th day of October            , 2006 .

                    By X _____
                             Affiant Herein

(28 USC Section 1746)


Name:  Daniel Juarez

Reg. No.  68893-079

# EXHIBIT B

**U.S. Department of Justice**

Drug Enforcem      Administration

---

*Case Number: 07-0214-P*                                    DEC 0 6 2000

*Subject of Request:* JUAREZ, DANIEL GILBERTO

Daniel G. Juarez
Reg. No. 68893-079
USP Big Sandy
P.O. Box 2068
Inez, Kentucky 41224

Dear Mr. Juarez:

    The Drug Enforcement Administration (DEA) has received your Freedom of Information/Privacy Act (FOI/PA) request and placed it on a list of requests waiting processing. In order to expedite all requests that require retrieval, processing and duplication of documents, your request will be handled in chronological order based on the date of this letter.

    Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

    This letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you seek a waiver of fees (28 C.F.R. 16.3(c)).

    Please be assured that your request is being handled as equitably as possible. Upon completion of the processing, you will be notified of all applicable fees, and payment will be required prior to release of any records. If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

                              Sincerely,

                              *Katherine L. Myrick*
                              Katherine L. Myrick
                              Chief, Operations Unit
                              FOI/Records Management Section

# EXHIBIT C



**U. S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

_www.dea.gov_

SEP 2 4 2007

Mr. Daniel Juarez
#68893-079
USP Big Sandy
P.O. Box 2068
Inez, Kentucky 41224

Re: _Daniel G. Juarez v. Federal Bureau of Investigation, et al._, CA 076-0955 RJL
    DEA FOIA Request No. 06-0812-P

Dear Mr. Juarez:

     Enclosed please find portions of 74 pages and nine (9) pages in their entirety. These pages are provided pursuant your Freedom of Information Act (FOIA)/Privacy Act (PA) request, dated October 12, 2006, to the Drug Enforcement Administration (DEA) that are the subject of the above-titled action. Information was withheld pursuant to the Privacy Act Exemption (j)(2) and FOIA Exemption (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(F).

     The FOIA, 5 U.S.C. § 552 (b)(7)(C), allows for the withholding of records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The FOIA, Exemption (b)(7)(C), allows the withholding of names of law enforcement officers and personnel, and the names of and information related to third-parties. Finally, the FOIA, Exemption (b)(7)(F), allows for the withholding of information that could reasonably be expected to endanger the life or physical safety of any individual

                                        Sincerely,


                                        William C. Little, Jr.
                                        Senior Attorney
                                        Administrative Law Section

Enclosures

cc: CCA Chron
    CCA File _2G_ _9/24/07_
    M. Frye, AUSA
Document name: H:/wclittle/MyDocuments/litigation/Cases/G-K/Juarez, Daniel/releaseltr.wpd:9/24/07

# EXHIBIT D

PAGE ITEMIZATION

PAGE NUMBER:   1
DOCUMENT TYPE: DEFENDANT DISPOSITION REPORT (DEA 210)

DATE:      MARCH 26, 2003

                                        ( X ) RELEASED
                                        (   ) WITHHELD
        TO:  CRIMINAL INVESTIGATIVE FILE

      FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 5 | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | G-DEP IDENTIFIER |
| BLOCK 6 | THIRD-PARTY NAME | (b)(7)(C) | NAME OF INDIVIDUAL |
| BLOCKS 24 & 25 | NAMES & SIGNATURES OF LAW ENF.  PERSONNEL | (b)(7)(C)<br>(b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |

PAGE ITEMIZATION

PAGE NUMBER:    2 - 3
DOCUMENT TYPE: PERSONAL HISTORY REPORT (DEA 202)

DATE:       NOVEMBER 9, 2002

                                    ( X ) RELEASED
                                    (   ) WITHHELD

        TO:  CRIMINAL INVESTIGATIVE FILE

      FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCKS 1, 42a,b,c, 44a-c | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES AND INFORMATION RELATED TO A THIRD-PARTY |
| BLOCKS 5, 46 | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | G-DEP QUALITATIVE & QUANTITATIVE CRITERIA |
| BLOCK 68, 69, 72, 74, 75 | NAMES AND SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |

PAGE ITEMIZATION

PAGE NUMBER:    4
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:      JULY 21, 2005

                                          ( X ) RELEASED
                                          (   ) WITHHELD

       TO:  CRIMINAL INVESTIGATIVE FILE

     FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14; BOTTOM MARGIN | NAMES, SIGNATURES & INITIALS OF LAW ENF.  PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS |
| BLOCK 6 | THIRD-PARTY NAME | (b)(7)(C) | NAME OF THIRD-PARTY |

PAGE ITEMIZATION


PAGE NUMBER:    5
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:    MAY 3, 2005


                                        ( X ) RELEASED
                                        (   ) WITHHELD

    TO:  CRIMINAL INVESTIGATIVE FILE

  FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14; DETAILS: PARA 2; BOTTOM MARGIN | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS |
| BLOCK 6 | THIRD-PARTY NAME | (b)(7)(C) | NAME OF THIRD-PARTY |

PAGE ITEMIZATION

PAGE NUMBER:   6
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:      FEBRUARY 10, 2005

                                    ( X ) RELEASED
                                    (   ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

     FROM: DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14; DETAILS: PARA 2; BOTTOM MARGIN | NAMES, SIGNATURES & INITIALS OF LAW ENF.  PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS |
| BLOCK 6 | THIRD-PARTY NAME | (b)(7)(C) | NAME OF THIRD-PARTY |

PAGE ITEMIZATION


PAGE NUMBER:    7
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:        OCTOBER 8, 2004

                                        ( X ) RELEASED
                                        (   ) WITHHELD
        TO:  CRIMINAL INVESTIGATIVE FILE

    FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTIFIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14; BOTTOM MARGIN | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS |
| BLOCK 6; INDEXING SECTION | THIRD-PARTY NAMES AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF INDIVIDUALS OF THIRD PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTIFIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:    8
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:       JUNE 7, 2004

( X ) RELEASED
(    ) WITHHELD

TO:    CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14; DETAILS: PARA 2; BOTTOM MARGIN | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS |
| BLOCK 6; INDEXING SECTION | THIRD-PARTY NAMES AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF THIRD PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION


PAGE NUMBER:   9 - 10
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6) PAGES 1 AND 2 OF 2

DATE:     MARCH 26, 2003

                                        ( X ) RELEASED
                                        (   ) WITHHELD

       TO:   CRIMINAL INVESTIGATIVE FILE

    FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| PAGE 1: BLOCK 6, DETAILS: PARA 2; PAGE 2: BLOCK 3, INDEXING SECTION | THIRD-PARTY NAMES AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF THIRD-PARTIES |
| PAGE 1: BLOCK 4; PAGE 2: BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 12 & 14 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |
| PAGE 2: INDEXING SECTION | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | THIRD-PARTY NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:    11
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:       NOVEMBER 14, 2002

( X ) RELEASED
(   ) WITHHELD

TO:    CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 9, 12 & 14; TOP MARGIN | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| BLOCK 6; DETAILS: PARA 2; INDEXING SECTION | THIRD-PARTY NAMES and IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF THIRD-PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:   12
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:      FEBRUARY 28, 2002

( X ) RELEASED
(   ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 9, 12 & 14; | NAMES, SIGNATURES & INITIALS OF LAW ENF.  PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| BLOCK 6; DETAILS: PARA 2; INDEXING SECTION | THIRD-PARTY NAMES and IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF THIRD-PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |
| DETAILS: PARA 3 | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |

PAGE ITEMIZATION


PAGE NUMBER:   13
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:       JANUARY 28, 2002

                                    ( X ) RELEASED
                                    (   ) WITHHELD
      TO:   CRIMINAL INVESTIGATIVE FILE

    FROM:   DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14 | NAMES, SIGNATURES & INITIALS OF LAW ENF.  PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| BLOCKS 6, 10; DETAILS: INDEXING SECTION | THIRD-PARTY NAMES and IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF THIRD-PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |
| DETAILS: PARA 2,3 | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |

PAGE ITEMIZATION

PAGE NUMBER:    14
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:    NOVEMBER 30, 2001

( X ) RELEASED
(   ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14 | NAMES, SIGNATURES & INITIALS OF LAW ENF.  PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| BLOCKS 6, 10; DETAILS: INDEXING SECTION | THIRD-PARTY NAMES and IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF THIRD-PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |
| DETAILS: PARA 2,3 | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |

PAGE ITEMIZATION

PAGE NUMBER:    15
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:    NOVEMBER 27, 2001

( X ) RELEASED
(    ) WITHHELD

TO:    CRIMINAL INVESTIGATIVE FILE

FROM:    DEA SPECIAL AGENT

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14 | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| BLOCKS 6, 10; INDEXING SECTION | THIRD-PARTY NAMES and IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF THIRD-PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |
| DETAILS: PARA 2,3 | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |

PAGE ITEMIZATION


PAGE NUMBER:   16
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:    NOVEMBER 26, 2001

                              ( X ) RELEASED
                              (   ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14 | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| BLOCKS 6, 10; DETAILS: PARA 2, 3; INDEXING SECTION | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:   17 - 18
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6 & 6a) PAGES 1 AND 2 OF 2

DATE:      SEPTEMBER 24, 2001

                                        ( X )  RELEASED
                                        (   )  WITHHELD

        TO:   CRIMINAL INVESTIGATIVE FILE

      FROM:   DEA SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| PAGE 1: BLOCK 4; PAGE 2: BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 12 & 14; | NAMES, SIGNATURES & INITIALS OF LAW ENF.  PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| PAGE 1: BLOCKS 6, 10; DETAILS: PARA 2-4;  PAGE 2: INDEXING SECTION | THIRD-PARTY NAMES. INFORMATION AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 2: INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION


PAGE NUMBER:  19 - 20
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6 & 6a) PAGES 1 AND 2 OF 2

DATE:      SEPTEMBER 12, 2001

( X ) RELEASED
(   ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| PAGE 1: BLOCK 4; PAGE 2: BLOCKS 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 9, 12 & 14; DETAILS: PARA 3, 5 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS & LAW ENFORCEMENT OFFICERS |
| PAGE 1: BLOCK 6, 10; DETAILS: PARA 2-5; PAGE 2:PARA 6-7; INDEXING SECTION | THIRD-PARTY NAMES, INFORMATION AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 1:DETAILS: PARA 3 | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |
| | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | CS IDENTIFIER CODES |
| PAGE 2: INDEXING SECTION | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION


PAGE NUMBER:   21 - 22
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6 & 6a) PAGES 1 AND 2 OF 2

DATE:    AUGUST 30, 2001

( X ) RELEASED
(   ) WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| PAGE 1: BLOCK 4; PAGE 2: BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 9, 12 & 14; DETAILS: PARA 3 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS & LAW ENFORCEMENT OFFICERS |
| PAGE 1: BLOCK 6, 10; DETAILS: PARA 2-5; PAGE 2: | THIRD-PARTY NAMES, INFORMATION AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 1: BLOCK 2; DETAILS: PARA 3 | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |
| | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | CS IDENTIFIER CODES |
| PAGE 2: INDEXING SECTION | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:  23 - 24
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6 & 6a) PAGES 1 AND 2 OF 2

DATE:     AUGUST 28, 2001

( X ) RELEASED
(   ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| PAGE 1: BLOCK 4; PAGE 2: BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 9, 12 & 14; DETAILS: PARA 3, 4 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS & LAW ENFORCEMENT OFFICERS |
| PAGE 1: BLOCK 6, 10; DETAILS: PARA 2-4; PAGE 2: PARA 5; INDEXING SECTION | THIRD-PARTY NAMES, INFORMATION AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 1: BLOCK 2; PARA 3 | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |
| | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | CS IDENTIFIER CODES |
| PAGE 2: INDEXING SECTION | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:   25 - 26
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6 AND 6a) PAGES 1 AND 2 OF 3

DATE:     AUGUST 27, 2001

( X ) RELEASED
(   ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| PAGE 1: BLOCK 4; PAGE 2: BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 9, 12 & 14; PAGE 2: PARA 6; CUSTODY OF EVIDENCE | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS & LAW ENFORCEMENT OFFICERS |
| PAGE 1: BLOCKS 6, 10; DETAILS: PARA 2-5; PAGE 2: BLOCK 3; DETAILS: PARA 6,7; CUSTODY OF EVIDENCE; INDEXING SECTION | THIRD-PARTY NAMES, INFORMATION AND IDENTIFIERS | (b)(7)(C) | NAMES AND NADDIS IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 2: INDEXING SECTION | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | NADDIS IDENTIFIER CODES |
|  | THIRD-PARTY NAMES AND IDENTIFIERS | (b)(7)(C) | THIRD-PARTY NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:   27
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6) PAGE 3 OF 3

DATE:     AUGUST 20, 2001

                                        (   ) RELEASED
                                        ( X ) WITHHELD

        TO:  CRIMINAL INVESTIGATIVE FILE

      FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| WHOLE PAGE | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAME AND INFORMATION RELATED TO THIRD-PARTY |
| BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BOTTOM | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |

PAGE ITEMIZATION

PAGE NUMBER:    28
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:    JULY 30, 2001

( X ) RELEASED
(    ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 9, 12 & 14 | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C)<br>(b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| BLOCK 6; DETAILS: PARA 2, 3; INDEXING SECTION | THIRD-PARTY NAMES, INFORMATION AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | THIRD-PARTY NADDIS IDENTIFIER CODES |
| DETAILS: PARA 2, 3 | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |

PAGE ITEMIZATION

PAGE NUMBER:    29 - 31
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6 AND 6a) PAGES 1 - 3 OF 3

DATE:    JULY 16, 2001

(   ) RELEASED
( X ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| WHOLE REPORT | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF AND INFORMATION PROVIDED BY A CONFIDENTIAL SOURCE |
| PAGE 1: BLOCK 2; PAGES 2 - 4: BLOCK 2 | INTERNAL MARKINGS & IDENTIFIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 9, 12 & 14 | NAMES AND SIGNATURES OF LAW ENFORCEMENT PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES AND INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| PAGE 1: BLOCK 6; PAGES 2, 3: BLOCK 3; PAGES 1-3: DETAILS: PARA 2-8, 10 PAGE 3: INDEXING SECTION | THIRD-PARTY NAMES, I9NFORMATION AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 3: INDEXING SECTION | INTERNAL MARKINGS, IDENTIFIERS, AND OR PROCEDURES | (b)(2) | THIRD-PARTY NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:    32
DOCUMENT TYPE: TELETYPE

DATE:       DECEMBER 31, 2002

( X )  RELEASED
(   )  WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| SUBJECT: | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PARA 5, 7 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | INTERNAL TELEPHONE NUMBERS |
| SALUTATION; PARA 1-7; BOTTOM MARGIN | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |
| PARA 4, 5, 7 | THIRD-PARTY INFORMATION | (b)(7)(C) | SOCIAL SECURITY NUMBERS |

PAGE ITEMIZATION

PAGE NUMBER:   33 - 38
DOCUMENT TYPE: JUDGMENT IN A CRIMINAL CASE PAGES 1 - 6 OF 6

DATE:     MARCH 27, 2003

( X ) RELEASED
(    ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  UNITED STATES DISTRICT JUDGE

PURPOSE:  COURT PROCEEDINGS

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| TOP MARGIN | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | INTERNAL TELEPHONE NUMBERS |

PAGE ITEMIZATION

PAGE NUMBER:   39 - 40
DOCUMENT TYPE: CABLE - PAGES 1 AND 2 OF 2

DATE:      JANUARY 2, 2003

( X ) RELEASED
(   ) WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| SUBJECT: | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: TOP MARGIN: SALUTATION; CATEGORIES SECTION; HEADING; | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | INTERNAL TELEPHONE NUMBERS AND COMPUTER TERMINAL CODES AND IDENTIFIERS |
| PAGE 1: SALUTATION, SUBJECT, REF SECTION; PARA 1-3; PAGE 2: PARA 4; SIGNATURE BLOCK | NAMES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES OF SPECIAL AGENTS |
| PAGE 1: SUBJECT; PAGES 1, 2: PARAS 2, 3, 4 | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | THIRD-PARTY NAMES, SOCIAL SECURITY NUMBERS & TELEPHONE NUMBERS |

PAGE ITEMIZATION

PAGE NUMBER:   41 - 42
DOCUMENT TYPE: CABLE - PAGES 1 AND 2 OF 2

DATE:      SEPTEMBER 4, 2001

                                     ( X ) RELEASED
                                     (   ) WITHHELD

       TO:  CRIMINAL INVESTIGATIVE FILE

    FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| SUBJECT: | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: TOP MARGIN: SALUTATION; CATEGORIES SECTION; HEADING | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | INTERNAL TELEPHONE NUMBERS |
| PAGE 1: SALUTATION; SUBJECT, RE & REF SECTIONS; PARA 4; PAGE 2: SIGNATURE BLOCK | NAMES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES OF SPECIAL AGENTS |
| PAGE 1: PARA 3 | THIRD-PARTY NAME | (b)(7)(C) | NAME OF THIRD-PARTY |
| PARA  4 | THIRD-PARTY INFORMATION | (b)(7)(C) | TELEPHONE NUMBER |
| PAGES 1, 2: INDEXING SECTION | THIRD-PARTY NAME AND IDENTIFIER | (b)(7)(C) | NAME AND NADDIS NUMBER OF THIRD-PARTY |

PAGE ITEMIZATION


PAGE NUMBER:   43
DOCUMENT TYPE: DEA FINGERPRINT REPORT

DATE:     APRIL 19, 1996

                                        ( X )  RELEASED
                                        (   )  WITHHELD
     TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| SALUTATION; SIGNATURE BLOCK | NAMES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES OF SPECIAL AGENT, LABORATORY DIRECTOR, & FINGERPRINT SPECIALIST |

PAGE ITEMIZATION

PAGE NUMBER:    44
DOCUMENT TYPE: FINGERPRINT CARDS

DATE:      MARCH 9, 1996

( X )  RELEASED
(   )  WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| SIGNATURE BLOCK | NAMES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | ( NAME OF SPECIAL AGENT |

PAGE ITEMIZATION

PAGE NUMBER:   46
DOCUMENT TYPE: FINGERPRINT CARDS

DATE:      MARCH 9, 1996

                                          ( X ) RELEASED
                                          (   ) WITHHELD

      TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| SIGNATURE BLOCK | NAMES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME OF SPECIAL AGENT |

PAGE ITEMIZATION


PAGE NUMBER:    47
DOCUMENT TYPE: PHOTOGRAPHS

DATE:          MARCH 8, 1996

                                          ( X )  RELEASED
                                          (   )  WITHHELD

      TO:  CRIMINAL INVESTIGATIVE FILE

    FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| PHOTOGRAPH OF DEA SIGN | NAME OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME OF SPECIAL AGENT |

PAGE ITEMIZATION

PAGE NUMBER:    48
DOCUMENT TYPE: DEFENDANT DISPOSITION REPORT (DEA 210)

DATE:    JULY 25, 1996      .

                                ( X ) RELEASED
                                (   ) WITHHELD

    TO:  CRIMINAL INVESTIGATIVE FILE

    FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 5 | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | G-DEP IDENTIFIER |
| BLOCKS 24 & 25 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |

PAGE ITEMIZATION

PAGE NUMBER:   49 - 49a
DOCUMENT TYPE: PERSONAL HISTORY REPORT (DEA 202) PAGES 1 AND 2 OF 2

DATE:     MARCH 26, 1996

                                    ( X ) RELEASED
                                    (   ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| PAGE 1: BLOCKS 5, 46 | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | G-DEP QUALITATIVE & QUANTITATIVE CRITERIA |
| PAGE 1: BLOCKS 41a-c, 43a | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES AND INFORMATION RELATED TO THIRD-PARTYS |
| PAGE 2: BLOCKS 68, 69, 75 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |

PAGE ITEMIZATION

PAGE NUMBER:    50
DOCUMENT TYPE: DISPOSITION OF DRUG EVIDENCE (DEA 48)

DATE:       SEPTEMBER 12, 1996

                                        ( X )  RELEASED
                                        (   )  WITHHELD
       TO:   CRIMINAL INVESTIGATIVE FILE

     FROM:   DEA SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| PART I, II | NAMES, SIGNATURES, & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME(S), SIGNATURES, & INITIALS OF SPECIAL AGENTS AND LAW ENFORCEMENT PERSONNEL |

PAGE ITEMIZATION


PAGE NUMBER:    51
DOCUMENT TYPE: REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED
               (DEA 7) & REGISTERED MAIL RECEIPT
DATE:       MARCH 26, 1996

                                           ( X )  RELEASED
                                           (   )  WITHHELD

     TO:   CRIMINAL INVESTIGATIVE FILE

    FROM:  DEA SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 3 | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | G-DEP CODE |
| BLOCK 16, REGISTERED MAIL RECEIPT: BLOCK 6 | NAMES AND SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME(S) & SIGNATURES OF SPECIAL AGENT AND SUPPORT PERSONNEL |

PAGE ITEMIZATION


PAGE NUMBER:  52
DOCUMENT TYPE: REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED
              (DEA 7, RECEIPT COPY)
DATE:   MARCH 26, 1996

                                      ( X ) RELEASED
                                      (   ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

    FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 3 | INTERNAL MARKINGS, IDENTIFIERS, AND OR PROCEDURES | (b)(2) | G-DEP CODE |
| BLOCKS 16-18, 23 | NAMES AND SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME(S) & SIGNATURES OF SPECIAL AGENTS AND SUPPORT PERSONNEL |

PAGE ITEMIZATION


PAGE NUMBER:   53
DOCUMENT TYPE: REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED
               (DEA 7, DIVISION FILE COPY)
DATE:    MARCH 26, 1996

                                    ( X )  RELEASED
                                    (   )  WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

     FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 3 | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | G-DEP CODE |
| BLOCKS 16-18, 23, 34, 37 | NAMES AND SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME(S) & SIGNATURES OF SPECIAL AGENTS AND SUPPORT PERSONNEL |

PAGE ITEMIZATION


PAGE NUMBER:    54
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:    MARCH 25, 1997

                                        ( X )  RELEASED
                                        (    )  WITHHELD

    TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14 | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS |
| DETAILS: PARA 1; INDEXING SECTION | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| INDEXING SECTION | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:  55
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6)

DATE:    SEPTEMBER 12, 1996

( X ) RELEASED
(   ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14 | NAMES, SIGNATURES & INITIALS OF LAW ENF.  PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF SPECIAL AGENTS & SUPPORT PERSONNEL |
| INDEXING SECTION | THIRD-PARTY NAMES AND IDENTIFIERS | (b)(7)(C) | NAMES AND IDENTIFIERS OF THIRD-PARTIES |
| | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION


PAGE NUMBER:   56 - 57
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6) PAGES 1 AND 2 OF 2

DATE:     JUNE 6, 1996

                                          (   ) RELEASED
                                          ( X ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| WHOLE REPORT | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |
| | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 1: BLOCK 4; PAGE 2: BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 12 & 14; SYNOPSIS; DETAILS: PARA 1 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS & LAW ENFORCEMENT OFFICERS |
| PAGE 2: INDEXING SECTION | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | THIRD-PARTY NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:  58 - 59
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6 AND 6a) PAGES 1 AND 2 OF 2

DATE:    JUNE 6, 1996

(   ) RELEASED
( X ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| WHOLE REPORT | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |
| | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 1: BLOCK 4; PAGE 2, BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 12 & 14; DETAILS: PARA 1, 2 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |
| PAGE 2: INDEXING SECTION | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | THIRD-PARTY NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION


PAGE NUMBER:   60 - 63
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6 & 6a) PAGE 1 - 4 OF 5

DATE:     JUNE 6, 1996

                                        ( X ) RELEASED
                                        (   ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| PAGE 1: BLOCK 4; PAGE 2 - 4: BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 12 & 14; SYNOPSIS; DETAILS: PARA 1 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |
| PAGES 2 -4: DETAILS: PARA 2 - 11; PAGE 4: INDEXING SECTION | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 4: INDEXING SECTION | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | THIRD-PARTY NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:   64
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6) PAGE 5 OF 5

DATE:    JUNE 6, 1996

                                        (   ) RELEASED
                                        ( X ) WITHHELD

        TO:   CRIMINAL INVESTIGATIVE FILE

      FROM:   DEA SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| INDEXING SECTION | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAME OF INDIVIDUAL/ PERSONAL INFORMATION |

PAGE ITEMIZATION


PAGE NUMBER:   65 - 66
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6) PAGES 1 AND 2 OF 2

DATE:    APRIL 11, 1996

                                          (   ) RELEASED
                                          ( X ) WITHHELD

    TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| WHOLE REPORT | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |
| | THIRD-PARTY NAMES, IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 1: BLOCK 4; PAGE 2, BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 12 & 14; DETAILS: PARA 2,3 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |
| PAGE 2: INDEXING SECTION | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | THIRD-PARTY NADDIS IDENTIFIER CODES |

PAGE ITEMIZATION

PAGE NUMBER:   67
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6) PAGE 1 OF 5

DATE:    MARCH 29, 1996

( X ) RELEASED
(   ) WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:   DEA SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCK 4 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| BLOCKS 5, 12 & 14; TARGETS/ DEFENDANTS: | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |
| BLOCK 10; TARGETS/ DEFENDANTS: | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES OF INDIVIDUALS/PERSONAL INFORMATION |
|  | THIRD-PARTY INFORMATION | (b)(7)(C) | TELEPHONE NUMBER |

PAGE ITEMIZATION

PAGE NUMBER:    68
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6a) PAGE 2 OF 5

DATE:    MARCH 29, 1996

( X ) RELEASED
(   ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| EXHIBIT DESCRIPTION & CHAIN OF CUSTODY OF EVIDENCE; WITNESSES | NAMES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES OF SPECIAL AGENTS |
| VEHICLE DESCRIPTION | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES OF INDIVIDUALS/PERSONAL INFORMATION |
| EXHIBIT DESCRIPTION & CHAIN OF CUSTODY OF EVIDENCE; ACTION ON ARRESTED PERSON | THIRD-PARTY NAMES | (b)(7)(C) | NAMES OF INDIVIDUALS |

PAGE ITEMIZATION


PAGE NUMBER:   69 - 71
DOCUMENT TYPE: REPORT OF INVESTIGATION (DEA 6a) PAGES 3 -5 OF 5

DATE:    MARCH 29, 1996

                                        ( X )  RELEASED
                                        (    )  WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(2) | G-DEP IDENTIFIER CODE |
| DETAILS: PARA 1, 4, 6-7 | NAMES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES OF SPECIAL AGENTS & U.S. BORDER PATROL AGENT |
| DETAILS: PARA 1-7; CRIMINAL RECORD | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES AND IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTIES |
| DETAILS: PARA 1-7 | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |

PAGE ITEMIZATION

PAGE NUMBER:    72
DOCUMENT TYPE: INVESTIGATION STATUS REPORT

DATE:     APRIL 24, 1996

                                        ( X ) RELEASED
                                        (   ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

     FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| REMARKS SECTION | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | CO-DEFENDANTS' LEGAL PROCEEDINGS |
| TOP OF PAGE | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES OF INDIVIDUALS/PERSONAL INFORMATION |

PAGE ITEMIZATION

PAGE NUMBER:   74
DOCUMENT TYPE: NUECES COUNTY SHERIFF'S DEPARTMENT FIELD ARREST REPORT

DATE:     MARCH 9, 1996

                                        ( X ) RELEASED
                                        (   ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| ARRESTING & TRANSPORTING OFFICER: | NAMES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | ( NAME OF SPECIAL AGENT |

PAGE ITEMIZATION

PAGE NUMBER:    75
DOCUMENT TYPE: STATE OF TEXAS, MARIHUANA AND CONTROLLED SUBSTANCES REPORT

DATE:    MARCH 8, 1996

(   ) RELEASED
( X ) WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE  .

FROM:   U.S. BORDER PATROL SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| WHOLE PAGE | THIRD-PARTY NAME, PERSONAL IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAME AND PERSONAL IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTY |
| ARRESTING OFFICER; SIGNATURE BLOCK | NAMES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES OF U.S. BORDER PATROL AGENTS |

PAGE ITEMIZATION

PAGE NUMBER:   76 - 77
DOCUMENT TYPE: PERSONAL HISTORY REPORT (DEA 202) PAGES 1 AND 2 OF 2

DATE:      MARCH 26, 1996

(   ) RELEASED
( X ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| WHOLE REPORT | THIRD-PARTY NAME, PERSONAL IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAME AND PERSONAL IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTY |
| PAGE 1: BLOCKS 41a,b,c, 43a | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES AND INFORMATION RELATED TO A THIRD-PARTY |
| PAGE 1: BLOCKS 5, 44-46 | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | G-DEP QUALITATIVE & QUANTITATIVE CRITERIA |
| PAGE 2: BLOCKS 68, 69, 74, 75 | NAMES AND SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |

PAGE ITEMIZATION

PAGE NUMBER:   78 - 79
DOCUMENT TYPE: PERSONAL HISTORY REPORT (DEA 202) PAGES 1 AND 2 OF 2

DATE:    MARCH 9, 1996

(   ) RELEASED
( X ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| WHOLE REPORT | THIRD-PARTY NAME, PERSONAL IDENTIFIERS AND INFORMATION | (b)(7)(C) | NAME AND PERSONAL IDENTIFIERS OF AND INFORMATION RELATED TO THIRD-PARTY |
| PAGE 1: BLOCKS 41a,b,c, 43a | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES AND INFORMATION RELATED TO A THIRD-PARTY |
| PAGE 1: BLOCKS 5, 44-46 | INTERNAL MARKINGS, IDENTI-FIERS, AND OR PROCEDURES | (b)(2) | G-DEP QUALITATIVE & QUANTITATIVE CRITERIA |
| PAGE 2: BLOCKS 68, 69, 74, 75 | NAMES AND SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |

PAGE ITEMIZATION

PAGE NUMBER:   87
DOCUMENT TYPE: U.S. BORDER PATROL McALLEN SECTOR SEIZURE WORKSHEET

DATE:     MARCH 8, 1996

( X )  RELEASED
(   )  WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| PATROL AGENTS; SIGNATURE BLOCK | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS& U.S. BORDER PATROL AGENT |
| NARRATIVE | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES OF AND INFORMATION RELATED TO THIRD-PARTIES |

PAGE ITEMIZATION

PAGE NUMBER:  88
DOCUMENT TYPE:  MIRANDA WARNING AND STATEMENT

DATE:    MARCH 8, 1996

( X )  RELEASED
(   )  WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  U.S. BORDER PATROL SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| MIRANDA GIVEN BY AND WITNESS | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF BORDER PATROL AGENTS |

PAGE ITEMIZATION


PAGE NUMBER:   89
DOCUMENT TYPE: RECEIPT FOR CASH OR OTHER ITEMS (DEA FORM 12)

DATE:  APRIL 24, 1996

                                        ( X ) RELEASED
                                        (   ) WITHHELD

     TO:  CRIMINAL INVESTIGATIVE FILE

   FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| SALUTATION; WITNESS BLOCK | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENT & SUPPORT PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:   90 - 92
DOCUMENT TYPE: CRIMINAL COMPLAINT PAGE 1 - 3 OF 3

DATE:      MARCH 10, 1996

                                         ( X ) RELEASED
                                         (   ) WITHHELD

     TO:   CRIMINAL INVESTIGATIVE FILE

     FROM: U.S. DISTRICT COURT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| PAGE 1: DEFENDANTS | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES OF INDIVIDUALS/PERSONAL INFORMATION |
| PAGE 1:SIGNATURE BLOCK; PAGE 2: PARA 2 | NAMES AND SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS |
| PAGES 1-3: FACTS | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES OF AND INFORMATION RELATED TO THIRD-PARTIES |
| PAGE 2: PARA 3 | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
|  | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |

PAGE ITEMIZATION

PAGE NUMBER:   93
DOCUMENT TYPE: FINGERPRINT REPORT

DATE:     APRIL 19, 1996

( X ) RELEASED
(   ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| SALUTATION; WITNESS BLOCK | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENT & LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:   94
DOCUMENT TYPE: MEMORANDUM OF LATENT FINGER PRINT EXAMINATION

DATE: MARCH 27, 1996

( X ) RELEASED
(   ) WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| FROM BLOCK; PARA 3 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME & SIGNATURE OF SPECIAL AGENT |
| PARA 1 | THIRD-PARTY NAMES AND INFORMATION | (b)(7)(C) | NAMES OF AND INFORMATION RELATED TO THIRD PARTIES |
| | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |
| PARA 3 | THIRD-PARTY INFORMATION | (b)(7)(C) | TELEPHONE NUMBER |

PAGE ITEMIZATION

PAGE NUMBER:   95
DOCUMENT TYPE: MCALLEN SECTOR VEHICLE SEIZURE WORKSHEET

DATE:     MARCH 8, 1996

                                        ( X ) RELEASED
                                        (   ) WITHHELD

     TO:   CRIMINAL INVESTIGATIVE FILE

   FROM:   U.S. BORDER PATROL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| VEHICLE INVENTORIED BY AND INVENTORY WITNESSED BY | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF U.S. BORDER PATROL AGENTS |

PAGE ITEMIZATION


PAGE NUMBER:  96 - 97
DOCUMENT TYPE: MIRANDA WARNING AND STATEMENT PAGES 1 AND 2 OF 2

DATE:     MARCH 9, 1996

                                        (   ) RELEASED
                                        ( X ) WITHHELD

      TO:  CRIMINAL INVESTIGATIVE FILE

    FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| ENTIRE DOCUMENT | THIRD-PARTY NAMES & INFORMATION | (b)(7)(C) | THIRD-PARTY(S) NAME & INVESTIGATIVE DETAILS |
| | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |
| PAGE 1: MIRANDA GIVEN BY AND WITNESS | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENT & OTHER LAW ENFORCEMENT PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:  98 – 99
DOCUMENT TYPE: MIRANDA WARNING AND STATEMENT PAGES 1 AND 2 OF 2

DATE:     MARCH 9, 1996

                                        (   ) RELEASED
                                        ( X ) WITHHELD

        TO:   CRIMINAL INVESTIGATIVE FILE

      FROM:   DEA SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| ENTIRE DOCUMENT | THIRD-PARTY NAMES & INFORMATION | (b)(7)(C) | THIRD-PARTY(S) NAME & INVESTIGATIVE DETAILS |
| | IDENTITY OF A CONFIDENTIAL SOURCE | (b)(7)(D) | IDENTITY OF CONFIDENTIAL SOURCE |
| | INFORMATION FROM A CONFIDENTIAL SOURCE | (b)(7)(D) | INFORMATION PROVIDED BY CONFIDENTIAL SOURCE |
| PAGE 1: MIRANDA GIVEN BY AND WITNESS | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENT & OTHER LAW ENFORCEMENT PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:   100 - 101
DOCUMENT TYPE: MIRANDA WARNING AND STATEMENT PAGES 1 AND 2 OF 2

DATE:    MARCH 9, 1996

( X ) RELEASED
(   ) WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:  DEA SPECIAL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| MIRANDA GIVEN BY AND WITNESS | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENT, LAW ENFORCEMENT OFFICER & OTHER LAW ENFORCEMENT PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:    102
DOCUMENT TYPE: U.S. BORDER PATROL CHAIN OF CUSTODY FORM

DATE:    MARCH 8, 1996

( X ) RELEASED
(    ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  U.S. BORDER PATROL AGENT

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| SEIZED FROM: | THIRD-PARTY NAMES & INFORMATION | (b)(7)(C) | NAMES OF INDIVIDUALS/PERSONAL INFORMATION |
| SEIZURE AND DELIVERED INFORMATION | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES & SIGNATURES OF SPECIAL AGENTS & U.S. BORDER PATROL AGENTS |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL GILBERTO JUAREZ )<br><br>       **Plaintiff** )<br><br>       **v.** )<br><br>FEDERAL BUREAU OF INVESTIGATION, )<br>ET AL. )<br><br>       **Defendants.** )<br>_____) | **Case No: 07-0955 RJL** |

## DECLARATION

I, WILLIAM E. BORDLEY, hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Associate General Counsel and Freedom of Information/Privacy Act Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel, Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

## Background

2. Plaintiff submitted a request letter to the USMS Headquarters, dated October 12, 2006, and received in the Office of General Counsel (OGC) on January 26, 2007, requesting information pertaining to himself. Plaintiff's request letter was date

stamped in the Department of Justice mail room on January 25, 2007. (See Exhibit A)

3. The USMS conducted a search for records on plaintiff, by his name and personal identifiers, e.g., date and place of birth, social security number, and prisoner registration number pursuant to his request. The search was conducted in the USMS offices he identified, i.e., the Northern District of Florida, and the Southern District of Texas. These offices were provided plaintiff's date and place of birth, social security number, and prisoner number, all of this information was furnished by plaintiff.

4. The search for plaintiff's records was conducted by the USMS FOI/PA liaisons in the USMS Northern District of Florida, and the Southern District of Texas. The FOI/PA liaisons in USMS district offices routinely coordinate and/or conduct document searches in their respective district office in response to FOIA and PA requests. The FOIA/PA liaisons are knowledgeable about the records and files maintained by their particular offices.

5. The USMS systems of records routinely encompassed by a search for prisoner records is the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007. These systems of records are searched by an individual's name and/or personal identifier. Plaintiff was arrested following the issuance of a warrant in the Northern District of Florida, Pensacola Division, and housed in the Southern District of Texas. Documents pertaining to plaintiff were located in the PPM/PTS and WIN systems of records. These systems assist the USMS in carrying out its statutory law enforcement responsibilities related to receiving, processing, transporting, and maintaining custody of federal prisoners from the time of their arrest

2

by a U.S. Marshal or their remand to a U.S. Marshal by the court until the prisoner is

committed by the court to the Attorney General for service of sentence, otherwise

released from custody or returned to custody of the U.S. Parole Commission or Bureau

of Prisons, the execution of Federal arrest warrants, and the investigation of fugitive

matters. See Rule 4, Federal Rules of Criminal Procedure, 18 U.S.C. § 4086, 28 U.S.C. §

566, and 28 C.F.R. § 0.111(a), (e), (j), (k), (q). As such, these systems of records are

exempt from the access provision of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2).

See 28 C.F.R § 16.101(a), (g), (q). To ensure maximum access, plaintiff's records were

processed for disclosure pursuant to the Freedom of Information Act, 5 U.S.C. § 552. As

a result of the search of these systems of records by plaintiff's name and/or personal

identifier, one hundred fifty-one (151) pages of material indexed to plaintiff were located

in the USMS district offices.

      6. By letter dated March 5, 2007, the USMS responded to plaintiff's request,

informing him that after conducting a search of its files, one hundred fifty-one (151)

pages had been located which were indexed to his name. Of this material, the USMS

released one hundred twenty-eight (128) pages to plaintiff; eighty-seven (87) pages were

released entirely, and forty-one (41) pages were released with information excised and

withheld pursuant to exemption 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C). Twenty-

three (23) pages which contained information which originated with the

Bureau of Prisons (BOP), was referred to the BOP for disclosure determination and

direct response to plaintiff in accordance with 28 C.F.R. § 16.4(c)(2). This letter

informed plaintiff of his right to appeal the USMS actions regarding his request to the

Department of Justice Office of Information and Privacy (OIP). (See Exhibit B)

7. Following the receipt of the complaint in this action on June 19, 2007, the USMS OGC FOI/PA Specialist contacted the OIP and was advised that plaintiff had not filed an appeal of the USMS response to his request.

## Exemption Cited and Basis for Withholding

8. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C). This exemption was applied to withhold the names of federal and non-federal law enforcement officers and other government employees. Plaintiff presents no public interest to warrant disclosing the names of these individuals, nor does the USMS believe that public disclosure of this information is warranted. To the contrary, the release of the names of these employees could subject these individuals to unwarranted public attention, harassment, and annoyance, and would thereby impair the effectiveness of these employees in carrying out their official duties and potentially cause unwarranted attention to them in their private lives, and could possibly pose a danger to their life or physical safety. Absent a legitimate public interest, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. In considering whether the public interest in disclosure outweighed the individual's interest in privacy, the USMS determined that no legitimate interest would be served by disclosure of this information. 5 U.S.C. § 552 (b)(7)(C).

9. Exemption 7(C) was applied also to withhold information pertaining to third party individuals, including prisoners other than plaintiff. In reaching the decision to withhold personally identifiable information from documents released to plaintiff, the

4

USMS considered whether or not there was a legitimate public interest in disclosure which would outweigh the individual's privacy interest in non-disclosure. However, it is not readily apparent how information identifiable to prisoners other than plaintiff and other private individuals would satisfy a legitimate public need for information about the workings of our criminal justice system and the USMS could discern no legitimate public interest in disclosure of this information. Release of this identifying information could expose these individuals to unwarranted public attention, embarrassment, harassment or annoyance for being associated with an official criminal law enforcement matter. Further, plaintiff provides no indication as to how disclosure of such information would meet the basic purpose of the FOIA i.e., to shed light on an agency's performance of its statutory duties, nor can the USMS discern any public interest in disclosure which would outweigh the privacy of these individuals, including the possible danger to their life or physical safety for cooperating in law enforcement activity. Disclosure to plaintiff would be equivalent to disclosure to the public and, as such, would constitute a clearly unwarranted invasion of personal privacy since no legitimate public interest would be served by disclosure. 5 U.S.C. § 552(b)(7)(C).

10. A description of the 41 pages released to plaintiff on March 5, 2007, with excisions made by the USMS pursuant to exemption 7(C) of the FOIA is provided as follows:

5

| Documents Released with Certain Information Deleted and Withheld | No: of Pages |
|---|---|
| **Item 1:** Emails dated 9/10/01; 5/21/03;6/26/03<br>Removed names of government employees | 4 |
| **Item 2:** Undated email<br>Removed names of government employees | 1 |
| **Item 3:** Fax transmittal sheets dated 12/11/01; 10/23/02<br>and 6/19/03<br>Removed names of government employees | 3 |
| **Item 4:** Fax Messages dated 10/22/02<br>Removed names of government employees | 2 |
| **Item 5:** Detainers dated 8/30/01 (w/duplicate copies);<br>8/23/01 (w/duplicate copies); 5/23/03; 5/28/03<br>Removed names of law enforcement personnel<br>and third-party individuals | 10 |
| **Item 6:** Fugitive/Criminal Matter Memos dated 9/5/01; and<br>5/20/03 (w/duplicate copy)<br>Removed name of government employee | 4 |
| **Item 7:** Prisoner Medical Records Release (Form USM-552) dated<br>11/05/02<br>Removed name of law enforcement officer | 1 |
| **Item 8:** Texas Dept. of Health – Report of Case and Patient Services<br>dated 10/23/02 (w/duplicate copy)<br>Removed name of third-party individual | 2 |
| **Item 9:** Texas Uniform Health Status Update dated 6/26/03<br>Removed name of third-party individual | 1 |
| **Item 10:** USMS Medical Summary of Federal Prisoner/Alien In Transit<br>dated 10/23/02<br>Removed name of third-party individual | 1 |
| **Item 11:** Individual Custody and Detention Report (Form USM-129)<br>Dated 6/12/03 (2 pages); and 7/28/03<br>Removed names of government employees | 3 |

| Item 12: | Personal History Defendant (Form USM-312) dated 11/5/02<br>Removed names and information of third–party individuals | 2 |
|---|---|---|
| Item 13: | Warrant Information Network Report dated ½9/07 (2 pages)<br>Removed names and information on other prisoners | 2 |
| Item 14: | Movement/Transportation Printout dated 10/22/2002 (w/duplicate copy)<br>Removed name of government employee | 2 |
| Item 15: | Prisoner Remand or Order to Deliver and Receipt for U.S. Prisoners (Form UMS-41) dated 5/1/03 (w/duplicate copy)<br>Removed names of other prisoners, and law enforcement personnel | 1 |
| Item 16: | Prisoner Custody Alert Notice (Form USM-130) dated 6/30/03<br>Removed name of government employee | 1 |
| Item 16: | Federal Bureau of Investigation Fingerprint Sheet (page 2)<br>Removed name of government employee | 1 |

11. In summary, a total of one hundred fifty-one (151) pages were located which were indexed to plaintiff's name. Of this material, the USMS released one hundred twenty-eight (128) pages to plaintiff of which, eighty-seven (87) pages were released in their entirety, and forty-one (41) were released with information excised and withheld pursuant to exemption 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C). The remaining twenty-three (23) pages contained information which originated with the Bureau of Prisons (BOP) and were referred to the BOP for disclosure determination and direct response to plaintiff.

12. No reasonably segregable non-exempt portions were withheld from plaintiff. Accordingly, all information withheld was exempt from disclosure pursuant a FOIA

exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying protected material. All documents which relate to plaintiff's request were processed to achieve maximum disclosure consistent with the provisions of the FOIA.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my information and belief.

_Wm e rudby_

**WILLIAM E. BORDLEY**

Date Executed: _08.07.07_

8

To: Director

Date: October 12, 2006

United States Marshals Service

Department of Justice

Washington, D. C. 20530

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

    The following particulars may assist you in your search:

Search Pensicola, Florida and Corpus Christi, Texas districts

    I will pay reasonable search and reproduction fees.

    My biographical data is as follows:

FULL NAME    DANIEL GILBERTO JUAREZ

DATE OF BIRTH : October 20, 1967

PLACE OF BIRTH : Reynosa Tamaulipas, Mexico

SOCIAL SECURITY NUMBER: 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

    I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this 12th day of October, 2006.

By  X  Affiant Herein

(28 USC Section 1746)

Name: Daniel Juarez

Reg. No. 68893-079

Exhibit A

INMATE NAME: Dan Juarez
REGISTER #: 68893-079
U.S.P. - BIG SANDY
PO BOX 2068
INEZ, KY    41224

JAN 2 5 2007

INSPECTED 6

DiRecToR
UNiTeD States Marshals Service
DePaRT me JT OF JUSTice
Washington D.C,
                    20530

Exhibit A



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

March 5, 2007

Daniel Gilberto Juarez
Reg.No.: 68893-079
U.S.P.- Big Sandy
P.O. Box 2068
Inez, KY 41224

Re:    **Freedom of Information/Privacy Act Request**
        **No: 2007USMS10184 Subject: Self**

Dear Mr. Juarez:

        The United States Marshals Service is responding to your request for certain records in this agency's files pertaining to the above subject.

        Pursuant to your request [X] the U.S. Marshals Service conducted a search of its files and located documents which are responsive, or [ ] the Marshals Service received documents referred from another agency for disclosure determination and direct response to you. The paragraphs checked below apply.

[ ] All documents located or [ ] all documents referred from another agency are being released to you without deletions.

[X] Documents are being released to you; however, certain documents or portions of documents are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a. Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

[ ] Our search located document(s) which originated with or contain(s) information which originated with (an)other component(s) of the Department of Justice or with (an)other government agency(ies).

        [ ] Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for consultation in accordance with 28 C.F.R. § 16.4 and/or § 16.42. The Marshals Service will correspond with you again upon completion of this consultation.

        [X] Records which originated with (an)other agency(ies) and a copy of your request have been referred to that agency for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and/or § 16.42.

                                                                                        Exhibit B

[ ] Your request is being denied pursuant to the Freedom of Information Act and/or Privacy Act exemption(s) identified by mark(s) on the following list.

[X] If you are dissatisfied with my action on this request, you may appeal from this partial denial by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue NW, Suite 11050, Washington, D.C. 20530-0001, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[X] The enclosed material is provided for your further information.

Sincerely,

William E. Bordley
Associate General Counsel/ FOI/PA Officer
Office of General Counsel

Enclosures

Number of Documents located or referred from another agency:    151
Number of Documents Released:                                   128
Number of Documents Referred to another agency:                  23
Number of Documents Withheld:                                     0

Freedom of Information          Privacy Act
5 U.S.C. § 552                  5 U.S.C. § 552a

Exemptions cited                              Description of Information Withheld:

[ ] (b)(1) [ ](b)(2)           [ ](d)(5) [X] (j)(2)        [ ] Administrative marking(s)
[ ] (b)(4) [ ](b)(5) [ ](b)(6) [ ](k)(1)[ ] (k)(2)         [X] Names of and/or information on
[ ] (b)(7)(A) [ ](b)(7)(B)     [ ](k)(5) [ ] (k)(6)            government employees
[X](b)(7)(C) [ ](b)(7)(D)                                   [X] Names of and/or information
[ ](b)(7)(E) [ ] (b)(7)(F)                                      pertaining to third-party individual(s)
                                                            [X] Names of and/or information
                                                               pertaining to other prisoners
                                                            [ ] Confidential source information
                                                            [ ] Other:_____
                                                               _____
                                                               _____

Exhibit B

FREEDOM OF INFORMATION ACT
5 U.S.C. § 552

Disclosure mandates of the Freedom of Information Act do not apply to matters that are--

(b)(1) specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(b)(2) related solely to the internal rules and practices of an agency;

(b)(3) specifically exempted from disclosure by another statute;

(b)(4) privileged or confidential trade secrets and commercial or financial information obtained from a person;

(b)(5) predecisional information, including attorney work-product and attorney-client material, reflective of the deliberative process and contained in inter-agency or intra-agency correspondence which is not routinely available to a private party in litigation with an agency;

(b)(6) personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes to the extent that the production of such records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigation or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
5 U.S.C. § 552a

(d)(5) Nothing in the Privacy Act shall allow an individual access to any information compiled in reasonable anticipation of civil action or proceeding.

**Further, an agency may exempt from the access provisions and other provisions of the Privacy Act:**
(j)(2) Material related to the enforcement of criminal laws including efforts to prevent, control or reduce crime or to apprehend criminals;

(k)(1) Material specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(k)(2) Material compiled during civil investigations for law enforcement purposes;

(k)(5) Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or access to classified information, the disclosure of which would reveal the identity of a source who furnished information to the Government under an express promise that the source's identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6) Testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service.

Exhibit B